Filed 12/1/22  P. v. Nunez CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060747 |
| v. | (Super. Ct. No. 00CF2284) |
| EDUARDO NUNEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Reversed and remanded.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles Ragland, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

FACTS AND PROCEDURAL HISTORY

Defendant Eduardo Nunez was convicted by a jury of second degree murder, conspiracy to commit assault, shooting at an occupied vehicle, and street terrorism. Additionally, the jury found true certain special circumstances triggering sentencing enhancements: that the crime was committed for the benefit of a criminal street gang, and that a codefendant discharged a firearm during the crime. The trial court sentenced defendant to 40 years to life.

In 2019, the Legislature enacted Penal Code former section 1170.95 (now Penal Code § 1172.6)[1] which allowed those, like defendant, convicted of murder under a natural and probable consequences theory, to petition for resentencing. (Stats. 2018, ch. 1015.) Defendant filed a petition under former section 1170.95. Initially, the trial court denied the petition, deeming former section 1170.95 unconstitutional. We reversed this decision in an unpublished opinion in *People v. Nunez* (Oct. 22, 2020, G057999), and on remand the trial court granted the petition and resentenced defendant to 15 years to life. Defendant timely appealed from his new sentence, arguing he is entitled to the benefit of various amendments to the Penal Code enacted since his original sentencing.

DISCUSSION

Defendant's appeal raises two separate issues: (1) whether defendant's sentence is final for purposes of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) retroactivity; and (2) whether each of four amendments to California's sentencing laws, Assembly Bill No. 124 (2021-2022 Reg. Sess) (Stats. 2021, ch. 695 § 5; Assembly Bill No. 124), Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1; Assembly Bill No. 518), Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 669; Assembly Bill No. 333), and Senate Bill No. 81 (2021-2022 Reg. Sess.)

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

(Stats. 2021, ch. 721; Senate Bill No. 81), should have been applied in connection with defendant's resentencing. We begin with the first issue.

On the first issue, the Attorney General concedes this case is controlled by the same issue as *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*), which was decided after the Attorney General filed its brief in this case.[2] In *Padilla*, the Supreme Court held vacatur of a sentence arising from an entitlement to resentencing renders the resulting new judgment nonfinal for purposes of *Estrada* retroactivity. (*Padilla*, at pp. 162-164.) Accordingly, we conclude defendant's sentence is not final for *Estrada* purposes.

On the second issue, defendant argues he is entitled to the benefits of Assembly Bill No. 124 (which requires the trial court to impose the low term absent certain other findings when sentencing anyone under the age of 26 at the time of the offense), Assembly Bill No. 518 (which gives trial courts discretion to choose which of various sentences to stay), and Assembly Bill No. 333 (which modifies the elements of gang enhancements and substantive gang offenses). The Attorney General concedes these amendments would apply to defendant if his sentence is deemed nonfinal for *Estrada* purposes. As described above, the Supreme Court's decision in *Padilla* compels us to conclude the sentence is not final. Accordingly, Assembly Bill No. 124, Assembly Bill No. 518, and Assembly Bill No. 333 all apply to defendant, and should have been applied in connection with his resentencing.

Additionally, defendant argues he will be entitled upon remand to the benefit of Senate Bill No. 81, which became effective January 1, 2022, and grants the trial court discretion to dismiss any sentencing enhancements in the interests of justice. The Attorney General's brief is silent about this statute, but we conclude it must be applied to defendant's resentencing upon remand as well, for the same reasons.

---

[2] Technically, *Padilla* involved resentencing following a habeas petition, while the present case involves resentencing under Penal Code section 1172.6; however, the parties agree, as do we, that this distinction is irrelevant.

Accordingly, we reverse defendant's sentence of 15 years to life because defendant is entitled to, and did not receive, the benefits of Assembly Bill No. 124, Assembly Bill No. 518, and Senate Bill No. 81 in connection with his resentencing. We also reverse the gang enhancements and defendant's conviction on the street terrorism count, as the elements of these enhancements and offense have changed by virtue of Assembly Bill No. 333, and the Attorney General concedes the evidence was insufficient to sustain a conviction if the new elements are applied. Upon remand, as defendant concedes, the People have the right to retry the gang enhancements and the street terrorism count. Upon resolution of the street terrorism count and gang enhancements, whether by retrial or dismissal, the trial court shall resentence defendant, applying Assembly Bill No. 124, Assembly Bill No. 518, and Senate Bill No. 81.

## DISPOSITION

The judgment is reversed. The matter is remanded to allow the People to retry defendant on the gang enhancements and the street terrorism count at their option. Upon resolution of those issues, the trial court shall resentence defendant, applying Assembly Bill No. 124, Assembly Bill No. 518, and Senate Bill No. 81.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4